SWEENY ET AL. v. TOWN OF GREENTOWN ET AL.

[No. 10,233.   Filed March 17, 1920.   Rehearing denied May 26, 1920.   Transfer denied June 25, 1920.]

MUNICIPAL CORPORATIONS.— *Streets.*— *Contracts for Donations With Conditions Attached.*—*Formation Of.*—Where a landowner submitted to the town board a written proposition to donate land for the extension of a street on condition that he be released from all cost of improving the same, and providing that he would make a deed as soon as the necessary improvements were made, which were to be completed within ninety days after the strip was thrown open unless delayed by weather conditions, and offering to allow his fences to be removed and improvements to be begun when the trustees were satisfied that the necessary funds were in their hands to make the improvement, the action of the board in adopting a motion to pay for the survey and tiling of such street and to ask certain persons to take a subscription and complete the same under the supervision of the board in accordance with such proposition, did not create a contract with the landowner.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by Perl Sweeny and others against the town of Greentown and others.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*B. C. Moon,* for appellants.
*Conrad Wolf* and *Earl B. Barnes,* for appellees.

NICHOLS, C. J.—The substance of the complaint in this cause is as follows:   On October 8, 1906, appellant made a proposition in writing to appellee town of Greentown to donate to said town a part of the land for the extension of Gladstone street therein from the Toledo, St. Louis & Western R. R. south to Grant street, upon certain conditions specified in said proposition which was duly accepted by said town by its board of trustees and entered upon the minutes of said board of trustees.   The land belonging to appellant, and which

he promised to donate, was a strip 49½ feet wide east and west by 446.78 feet long north and south of the value of about $200. The proposition made by appellant, and which, as averred, it appears by the minutes of the board of trustees was accepted, was to the effect that appellant would donate said real estate if he was released from any cost of improving the same, and that, as soon as the trustees were satisfied that the necessary funds were in their hands to make such improvement, appellant would allow his fences to be removed and improvements made, and as soon as completed he would execute a deed to said board of trustees for the land donated. The improvement was to be finished in ninety days after it was thrown open, with the provision that the trustees might extend the time, if weather conditions made it impossible to prosecute the work. At the time of the making of such proposition appellant was the owner in fee of the real estate he proposed to donate for such street, and has ever since been the legal or equitable owner thereof subject to said contract. His mother, Mary Sweeny, at the beginning of the suit, was the holder of the legal title thereto as the trustee for appellant, but since the beginning of the action she has conveyed the legal title to appellant, who is now the sole owner of said land. Appellant opened said ground to enable the said town to comply with its part of the contract shortly after the date of the contract, and some work was done in attempted compliance with the contract, but it was never completed in accordance with the contract. It would cost appellant or said town $200 to complete the construction of said street in accordance with the terms of said contract, and such completion would enhance the value of the adjoining real estate owned by appellant in a sum in excess of $200. Appellant, from time to time, has demanded a compliance, and appellee town has often promised to comply with its

part of said contract so as to be entitled to a deed of conveyance for the part of said street so owned by appellant as aforesaid, but appellee town has failed and refused to complete the performance of its contract so as to be entitled to a deed of conveyance to said land. Appellant had been ready, willing and able, and was at the time of the commencement of this action ready, willing and able, to convey said real estate owned by him, and which would become a part of Gladstone street, upon the completion by said town of its part of said agreement.    Appellees Holliday and Colescott were made parties to answer as to their interests in said real estate adverse to appellant, but there is no averment that either of them claimed any interest therein or title thereto.    There was a prayer that the court make an order requiring appellee town to complete said street within a reasonable time to be fixed by the court, and that thereupon appellant should convey the real estate to said town as provided in said contract; or in the event that appellee town should fail or refuse within the time fixed by the court so to complete said street, such contract might be adjudged to be abandoned by appellee town, and that the title of appellant in and to said real estate be quieted, and that it be adjudged he should have the right to the possession and use thereof free from any claim of appellees under said contract or otherwise; or that appellant recover of said town $200 which it will cost it to complete the said street in accordance with the terms of said contract.

The proposition to the board of trustees and the action of the board with reference thereto, as appears by the minutes which were a part of the exhibit to the complaint, do not amount to a contract between appellant and appellee town.    The most that the board of trustees did, as appears by the minutes of the meeting, after such proposition was made, was, on motion, to pay for

the surveying and tiling of such street and to ask appellees Holliday and Colescott to take a subscription and complete the same under the supervision of the town board, in accordance with appellant's proposition. This was not a contract with appellant, and without a valid contract the complaint fails to state a cause of action, and the demurrer thereto was properly sustained. We do not pass upon the validity of such a contract if it had been made, nor upon appellant's right, with proper averments in his complaint, to quiet his title to the real estate involved.

The judgment is affirmed.